[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On March 8, 2000, judgment (Higgins) was entered dissolving the marriage of the parties. That judgment also included orders incident to the dissolution including alimony, child custody, visitation, child support, and distribution of property. Plaintiff was present in court on March 8, 2000 at the hearing which culminated in the judgment. Defendant was not present at the March 8, 2000 hearing. Subsequently, defendant moved the court to open the judgment. Defendant alleged "there were actual misrepresentations provided to the Court as to the status of the custody of the minor children and the financial circumstances and obligations of the parties." Motion To Reopen, March 20, 2000. [115.50]
On May 15, 2000, the court (Higgins, J.) opened and modified the judgment. The provision regarding dissolution of the marriage remained in full force and effect. The provisions of the March 8, judgment regarding alimony, child custody and support, etc., were set aside. Custody of the children was awarded to defendant (father). Plaintiff (mother) was awarded specified visitation. Plaintiff was ordered to pay defendant $93 child support and $46 daycare per week, a total of $139 per week The matter was referred to family relations for mediation regarding visitation. All other issues were continued for later resolution. Order, May 15, 2000. [118]
On October 23, 2000, the court approved a stipulation of the parties providing for joint legal custody and for defendant (father) to have day-to-day decision making authority regarding the children's schedules, etc. Visitation was to be in accordance with a July 24, 2000 family relations recommendation. Plaintiff was to pay defendant child support of $100 per week. The parties were to share the children's day care and health expenses equally.
On July 24, 2002, the court heard the parties on all outstanding issues. CT Page 11718
Based on the evidence, arguments, etc., the court enters the following orders:
1. No alimony to either party.
2. The parties shall have joint custody of the two minor daughters. Primary residence of the minors shall be with the defendant (father); it is anticipated that residence will be in Vermont.
3. Plaintiff (mother) shall have visitation on the second and fourth weekend of each month from Saturday morning until Sunday evening. Plaintiff may pick up children at defendant's residence for each visitation on Friday by 8:00 p.m or on Saturday after 8:00 a.m. Defendant is to pick up children at plaintiff's residence at the end of each visitation on Sunday after 4:00 p.m.
4. The plaintiff shall have the children for Christmas visitation: in even numbered years from December 24 to December 26; in odd-numbered years from December 26 to January 1.
5. Defendant shall provide health insurance for the children as is available through his employment or union membership. As to health expenses not covered by insurance, the parties shall pay equally on such amounts as exceed $200 per year.
6. Defendant shall have sole and full ownership of the pension and annuity accounts arising from his employment. Plaintiff shall execute any and all papers necessary to nullify and/or revoke the Qualified Domestic Relations Orders she caused to be filed regarding the pension and annuity accounts.
8. Plaintiff shall continue to pay child support according to the court order in effect as of July 24, 2002.
9. The court makes no order as of this time regarding counsel fees, child support arrearage, etc. After review of the transcript of proceedings for July 24, 2002, the court will enter orders thereon or order a further hearing on those issues.
Judgment shall enter accordingly.
Parker, Judge. CT Page 11719